**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanika Ann Nelson,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-08027-PCT-JZB<br><br>**ORDER** |

Plaintiff Tanika Ann Nelson seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act ("the Act"). Because the decision of the Administrative Law Judge ("ALJ") is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

**I.    Background.**

On May 15, 2015, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2013. On January 23, 2018, she appeared with her attorney at a video hearing and testified at a hearing before the ALJ. A vocational expert also testified. On May 3, 2018, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the

Commissioner's final decision.

**II.     Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**III.    The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the

claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017, and that she has not engaged in substantial gainful activity since January 1, 2013. At step two, the ALJ found that Plaintiff has the following severe impairments: "degenerative joint disease of the lumbar and cervical spine, arthritis of the back and bilateral hands, obesity, and neuropathy (20 CFR 404.1520(c) and 416.920(c))." (AR 17.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (AR 20.) At step four, the ALJ found that Plaintiff has the RFC to perform: "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant can lift and or carry up to twenty pounds occasionally and up to ten pounds frequently. She can stand and or walk for six hours and sit for six hours in an eight hour-workday." (AR 20.)

The ALJ further found that Plaintiff is able to perform her past relevant work as a sales agent in business services, and thus concluded that Plaintiff has not been disabled as defined under the Act.

**IV. Analysis.**

Plaintiff argues the ALJ's decision is defective because "the ALJ committed

materially harmful error by rejecting [Plaintiff's] symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in this record as a whole, because the limitations in [Plaintiff's] symptom testimony would make it impossible to perform any sustained work." (Doc. 15 at 7.) The Court agrees.

### A. Legal Standard.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. In other words, the ALJ found Plaintiff's statements not credible to the extent she claims she is unable to perform in a competitive work environment.

### B. Hearing Testimony.

At the hearing Plaintiff testified to the following facts. Approximately five years prior to the hearing, Plaintiff worked at a cable company where she "answered the phones." (AR 40.) Her work required her to "sit in the chair on the phone with two breaks in total 15 minutes, and a 30 minute lunch." (AR 40.) Plaintiff also has "arthritis in lower back[,]" which "causes pain in [her], and swelling in [her] legs, and it makes them go numb." (AR 40.) Also, "it hurts to sit down in one position too long" and "it feels like you're being stabbed in the lower back." (AR 40.) Plaintiff testified that she was required to quit her work when "it got to be too much." (AR 40.)

When asked about her daily activity, Plaintiff testified that her conditions "require

laying down most of the day." (AR 43 ("That's what I do. I lay in my bed most of the day.").) "If I require that I need to go out somewhere, to an appointment or something, like here, I'm sitting in a chair, but I'll pay for it later. []I'm going to hurt a lot worse when I get home." (AR 43.) Plaintiff added that her doctor wants her legs elevated "[a]bove [her] heart . . . . several times throughout the day to reduce the swelling[,]" and more specifically, "at least once an hour for 20 minutes." (AR 43-44.)

When asked about her physical capabilities, Plaintiff responded that she can sit for 20 minutes before she hurts "really bad," and can stand or walk for "only about five minutes before [she has] to lean on something for support." (AR 44.) She can "lift probably about seven pounds, but carry not more than three or four." (AR 44.) She has "arthritis in [her] hands too[,]" as well as numbness, and trouble gripping items. (AR 44.) "If I reach in front of myself . . . I don't always hit my target. And if I do, I, I'm afraid that I will drop it because I don't have a good enough grip on it. I can't feel it." (AR 45.)

Plaintiff added that she has anxiety, and it overwhelms her, but she was required to switch off Xanax because it conflicted with her pain management medication. (AR 47.) Plaintiff receives "IV Ketamine treatments every two weeks[,]" and "epidurals every three months in [her] lower back, two to four needles." (AR 48.) Plaintiff stated that those treatments "do help," but "they're temporary fixes" and "they don't always work." (AR 48.)

**C.    Discussion.**

The ALJ gave two reasons for finding Plaintiff's testimony not fully credible: (1) "the claimant's treatment records show she is able to function at a higher level than alleged[;]" and (2) "[t]he claimant's subjective functional limitations due to her physical symptoms were also not fully supported by available evidence of record, specifically her reported activities of daily living." (AR 22.) The ALJ's reasons do not constitute specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.

Specifically, both reasons for discounting Plaintiff's testimony are insufficient

because the ALJ fails to provide a tie in between the medical evidence discussed and the symptom testimony that evidence is purported to invalidate. (*See* AR 22-24.) Such failure is error. *See Brown-Hunter*, 806 F.3d at 489 (finding the ALJ must "specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination").

Indeed, this Court has repeatedly rejected ALJ rationale that discussed medical evidence but provided no connection between that discussion and rejection of claimants' symptom testimony. *See, e.g.*, *Guerrero v. Berryhill*, No. CV-17-04258-PHX-HRH, 2018 WL 5276418, at *4 (D. Ariz. Oct. 24, 2018) (rejecting agency rationale where "the ALJ did not link this medical evidence to her credibility findings . . . [but] simply recited the medical evidence, which is not sufficient"); *Padilla v. Commr. of Soc. Sec. Admin.*, No. CV-17-02737-PHX-BSB, 2018 WL 4770807, at *6 (D. Ariz. Oct. 3, 2018) (rejecting ALJ rationale that claimant's limitations "lacked support in the objective medical evidence" where "the ALJ still failed to connect that evidence, or lack of evidence, to her rejection of any particular limitation"); *Melendez v. Commr. of Soc. Sec. Admin.*, No. CV 17-01538-PHX-MHB, Order, Doc. 33 at 7 (D. Ariz. Sept. 26, 2018) (holding "the ALJ's general recital of medical evidence . . . without specific reference to the limitations Plaintiff testified to at the hearing fails to provide a clear and convincing reason for rejecting Plaintiff's credibility"); *Bridges v. Commr. of Soc. Sec.*, No. CV-17-02331-PHX-DLR, 2018 WL 4381527, at *3 (D. Ariz. Sept. 14, 2018) ("Nor did [the ALJ] explain how Plaintiff's treatment records undermine her symptom testimony."); *Aguayo v. Commr. of Soc. Sec. Admin.*, No. CV-17-01795-PHX-DMF, 2018 WL 3829965, at *2 (D. Ariz. Aug. 13, 2018) (finding, even though the ALJ decision contained "over two dozen citations to the record" in support of the credibility finding, "it cannot stand because there is insufficient detail to allow this Court to review the findings. *Cotton*, 799 F.2d at 1407.").

The Commissioner argues that the ALJ did not error in discounting Plaintiff's testimony because Plaintiff's doctor "did not indicate how long or how often" Plaintiff was required to elevate her legs, "or provide any specific restriction." (*See* Doc. 20 at 7-8.) But

it is undisputed that Plaintiff's doctor *did* instruct Plaintiff to elevate her legs to treat her edema. (AR 708.) And the absence of a specific restriction or frequency instruction does not contradict Plaintiff's testimony, nor is any record cited by the ALJ inconsistent with Plaintiff's symptom testimony. (*See* AR 22-24.) *See also Garrison*, 759 F.3d at 1015 ("The clear and convincing standard is the most demanding required in Social Security cases.").

The Commissioner does not address the ALJ's failure to link the summary of Plaintiff's medical records to the conclusion that Plaintiff's symptom testimony is not supported by those medical records. Failure to "connect that evidence, or lack of evidence, to her rejection of any particular limitation" is error. *Padilla*, 2018 WL 4770807, at *6 (D. Ariz. Oct. 3, 2018) (citing *Trevizo v. Berryhill*, 871 F.3d 664, 682 n.10 (9th Cir. 2017)). Accordingly, the Court finds that the ALJ has failed to provide specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, and such failure was error.

**V.  Remand.**

Under the Ninth Circuit's credit-as-true rule, an action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, the second and third reasons are satisfied. The Court has found that the ALJ

erred in rejecting Plaintiff's symptom testimony, and based on the VE's testimony at the hearing (AR 52-59), if Plaintiff's testimony is credited as true, Plaintiff must be found disabled.

The first factor, however, is a closer call. There is no medical opinion testimony in the record outside of the state physicians. And, as discussed by both the ALJ and the Commissioner, there is no medical opinion or treatment evidence detailing how frequently Plaintiff must elevate her legs to treat her edema. Such evidence seems crucial to an ultimate determination of whether or not Plaintiff is disabled. Thus, the Court finds that the first factor is not satisfied, and the record must be further developed as to Plaintiff's edema treatment, and the frequency at which her doctor requires her to elevate her legs above her heart. Accordingly, the Court will remand for further proceedings.[1]

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 30th day of March, 2020.

Honorable John Z. Boyle
United States Magistrate Judge

---

[1] To the extent that the first factor is satisfied, the Court would find the lack of medical opinion or treatment evidence on Plaintiff's edema treatment frequency creates serious doubt as to whether or not Plaintiff is disabled. Thus, in its discretion, the Court would still remand this case for further proceedings. *See Garrison*, 759 F.3d at 1020.

- 8 -